CLAIBORNE MANN *vs.* HEZEKIAH NICHOLS.

A sheriff's return of satisfaction on an execution cannot be set aside as false, upon the motion of the plaintiff, without notice to either the defendant in the execution or sheriff.

ERROR from the circuit court of Neshoba county.

The facts of the case fully appear in the arguments of counsel and the opinion of the court.

*Enloe & Hubbard,* for plaintiff in error.

Any person whose interest is affected by a judgment may prosecute a writ of error. *Flournoy* v. *Smith* et al., 3 Howard's Reports, 62.

The interest of the plaintiff in error is affected by the judgment on motion in the court below; the execution ordered by the judgment to be issued, was to run against his goods and chattels, lands and tenements.

Process should have been issued to bring the plaintiff in error into court before a judgment was rendered affecting his interest, or at least he should have had notice of the pendency of proceedings by which his interest was to be affected by some means known to the law. Same authority.

If the return made by the sheriff, on the execution against the plaintiff in error, was not made according to the facts, its falsehood was a matter to be ascertained by a jury. Upon the face of the record the plaintiff in error is discharged from liability on the judgment; if he is in fact liable, that liability arises, or its continuance depends, on matter *in pais,* and can only be shown by due course of law. It cannot be inquired of by a circuit judge, on motion, without the intervention of a jury. The record should show that a trial by jury was had. Same authority. See also Rev. Code, 251, § 7.

*Forrester*, for defendant in error.

The record shows that the defendant in error brought suit on a promissory note in the circuit court of Neshoba county, for upwards of $5000. That the suit was discontinued as to Isam Daniel, and judgment executed by default against Mann, for about $4600. Execution issued upon said judgment was placed in the hands of the sheriff of Neshoba county, who returned the same, satisfied. That, at the June term, 1841, a motion was made to quash the return on said execution, because it was false, by the defendant in error, which motion was sustained; from which latter judgment a writ of error is prayed. There is no bill of exceptions in the case setting forth the evidence on which the court acted, and this court will therefore presume the judgment correct. This court has often decided that it will not disturb judgments rendered by the circuit court, without a bill of exceptions setting forth the testimony on which the court below acted. For this court will presume, that there was sufficient testimony to base the judgment of the court below on, as well as evidence, that the parties were regularly before the court, unless the record proves the contrary.

As to the objection that there should have been a jury empannelled to try the facts; this court has decided that the circuit court may ascertain the facts upon a motion in a case of this kind themselves, without the intervention of a jury, and the judgment will not be reversed unless the trial by jury be demanded by the parties.

As to the objection that it is uncertain which of the defendants the writ was executed on: there is no uncertainty about it. Mann lived in Neshoba county, and Isam Daniel in Newton county. The original writ was issued to Neshoba county, and no duplicate to Newton. The original writ was returned, executed on the defendant, to wit, Mann, and the duplicate does not appear in the papers—perhaps never was returned; therefore it was discontinued as to Daniel, and judgment by default against Mann.

There is therefore no error in the case.

*Howard*, in reply.

1. It appears of record, that the judgment of the court was erroneous. When such is the case, no bill of exceptions could be tendered. The officer's return, and the judgment of the court, contain all the facts of the case.

2. The record does not show any notice to the defendant in the motion.

3. It was not competent to assail the truth of the sheriff's return by motion against the defendant by the plaintiff in the execution. The officer had returned the execution, satisfied; which was conclusive between the parties to the record. If the return was false, the remedy was by a proceeding against the sheriff, and not defendant in the execution. 8 Am. Com. Law Rep. 54. 3 Phil. on Ev. (late ed.) 1087, where all the authorities are collected.

Mr. Justice CLAYTON delivered the opinion of the court.

The appellee, on the 19th of April, 1839, caused an execution to issue against the appellant, from the circuit court of Neshoba county, upon a judgment which he had previously obtained. The execution was returnable to the following October term of the court, and was returned satisfied in full. At the fall term, 1840, of the court, a motion was entered to set aside the return, because it was false, and the motion was continued till the May term, 1841. No notice appears ever to have been given either to the sheriff, whose return was sought to be set aside, or to the defendant in the execution. At the term to which the case was continued, the court gave judgment that the return was false, and should be quashed, and directed a new execution to issue. The record does not show that any one appeared to make defence, and the whole proceedings seem to have been *ex parte*.

The want of notice, unless there had been an appearance by the opposite party, is a fatal defect. It is insisted that, as there is no bill of exceptions, everything will be presumed to have been rightly done. There is no room for a presumption of this

Mann *v.* Nichols.

kind, when the adversary party had no opportunity to file exceptions.

It is unnecessary to notice the other points in the cause.

The judgment of the court below will be reversed, and the motion is overruled for want of notice.